UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA-LEE E. ROBINSON,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>MERCHANTS CREDIT CORPORATION et al.,<br><br>　　　　　　Defendants. | CASE NO. 2:23-cv-01670-LK<br><br>ORDER TO SHOW CAUSE |

　　This matter comes before the Court sua sponte. For the reasons discussed below, the Court orders Defendants Merchants Credit Corporation and Alexandra Paz Sandoval to show cause why Plaintiff Laura-Lee E. Robinson's state law claims form the same case or controversy as her federal claims, and if not, why her state law claims should not be severed and remanded to King County Superior Court. *See* 28 U.S.C. § 1441(c)(2).[1]

---

[1] Robinson served Defendant Michael Greene with notice of this lawsuit on or about November 3, 2023, but he has not appeared or otherwise participated in this lawsuit. Dkt. No. 16 at 2–3.

ORDER TO SHOW CAUSE - 1

## I. BACKGROUND

Robinson initiated this action in King County Superior Court on September 29, 2023. Dkt. No. 1-2 at 11. She alleges that she married and had two children with Defendant Michael Greene, but that he was "abusive throughout the relationship and engaged in emotional, mental, verbal and physical abuse." *Id.* at 2; *see id.* at 3 ("[Greene] also engaged in stalking behavior throughout the relationship and after the parties' separation and divorce, at times with the assistance of his mother Alexandra Paz Sandoval."). Greene and Sandoval are employees of Defendant Merchants, and by virtue of their employment, purportedly "have access to skip tracing tools and programs[.]" *Id.* at 3. Robinson claims that Greene accessed her account twice before they were married by using Merchants' software, and again on August 21, 2018 in order to locate her after they separated. *Id.* She further alleges that Greene contacted her from his work phone after being served with an order of protection prohibiting him from contacting or stalking her or their children. *Id.* In addition, Robinson claims that Merchants employees, including Greene, improperly accessed her account and personal information using Merchants' software between August 31, 2018 and August 2020, and that her requests for Merchants' management to intervene were unsuccessful. *Id.* at 4–6.

Robinson also filed a Department of Licensing ("DOL") complaint against Merchants on November 1, 2021, which was closed with no violation on December 20, 2021 in part because Merchants "provided account notes showing that the debt file was only accessed by Mr. Greene to pay the debt in full." *Id.* at 6–7. However, she avers that Greene "never used his employee ID or access to process a payment of any of the marital debts he assumed responsibility for." *Id.* at 7. Robinson successfully reopened her DOL complaint and received information in March 2022 that "contrary to Defendant Merchants' prior assertions[,] Defendant Greene had accessed her TR account and obtained location information(s)." *Id.* Merchants suspended Greene for a short period in 2022, but he resumed working thereafter and Merchants did not take any disciplinary action

against Sandoval. *Id.* Last, Robinson alleges that Merchants never provided her "with any information to indicate they have taken action to safeguard her proprietary information from further invasion of privacy." *Id.*

Based on these allegations, Robinson asserts causes of action for (1) "Negligent Supervision Against Defendant Merchant[s]"; (2) "Negligent Investigation Against Defendant Merchants"; (3) "Intentional Infliction of Emotional Distress Against All Defendants"; (4) "Invasion of Privacy"; (5) "Trespass"; (6) "Violation of Fair Debt Collection Practices Act and Washington Collection Practices Act"; (7) "Violation of Gramm Leach Bliley Act"; and (8) "Violation of Consumer Protection Act." *Id.* at 7–10.

On November 1, 2023, Merchants and Sandoval timely removed this action to federal district court in light of Robinson's claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* and the Graham-Leach-Bliley Act ("GLBA"), 15 U.S.C § 6801 *et seq.* Dkt. No. 1 at 1–2; *see to* 28 U.S.C. §§ 1331, 1441(a).[2]

## II.  DISCUSSION

Because Defendants Merchants and Sandoval are the parties asserting jurisdiction in this matter, they have the burden of establishing it. *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). Courts strictly construe the removal statutes against removal jurisdiction. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056–57 (9th Cir. 2018); *accord Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). In addition, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that

---

[2] Although removal of civil actions solely under Section 1441(a) generally requires the consent of "all defendants who have been properly joined and served," 28 U.S.C. § 1446(b)(2)(A), Merchants and Sandoval allege that at the time of removal, they were "unaware that defendant [John Doe] Sandoval and defendant Greene ha[d] been served." Dkt. No. 1 at 2.

must be made "without exception, for jurisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up).

Defendants cite to 28 U.S.C. § 1441(a) as the jurisdictional basis for removal. Dkt. No. 1 at 1–2. Section 1441(a) provides that removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. Defendants claim that the Court has original jurisdiction over Robinson's state court action pursuant to 28 U.S.C. § 1331 in light of Robinson's federal statutory claims, and supplemental jurisdiction over Robinson's "transactionally related state law claims" pursuant to 28 U.S.C. § 1367. *Id.* It is undisputed that this Court has original jurisdiction over Robinson's FDCPA and GLBA claims. However, the Court is less certain about the factual overlap between Robinson's state law claims and her federal claims.

In the removal context, district courts are directed to sever and remand state law claims that fall outside their original or supplemental jurisdiction. Specifically, Section 1441(c) provides the following:

> (1) If a civil action includes--
>
> > (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
> >
> > (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c)(1)–(2); *see Stewart v. Lewis*, No. 2:19-CV-00847-NR, 2019 WL 4267387, at *4 (W.D. Pa. Sept. 10, 2019) ("Section 1441(c)(2) directs that, 'upon removal' of any claim falling within this Court's federal-question jurisdiction, the Court 'shall sever from the action' any additional claims that are . . . not within the Court's original or supplemental jurisdiction, . . . and then 'remand the severed claims to the State court[.]'" (quoting 28 U.S.C. § 1441(c)(2))).

Although Courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), Robinson's federal claims appear somewhat attenuated from her non-federal claims, *see Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003))); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Robinson's factual allegations focus primarily on her ex-husband stalking and harassing her—as well as the other Defendants' role in assisting such conduct—as opposed to Defendants' acts or omissions as debt collectors. Dkt. No. 1-2 at 2–7.[3] For instance, she specifically avers that "Defendant Sandoval is not a debt collector . . . , and it would not be her job to access any debt." Dkt. No. 1-2 at 4–5.

---

[3] Several courts in this circuit have found that no private right of action exists for alleged violations of the GLBA. *See, e.g.*, *BGC, Inc. v. Bryant*, No. 22-CV-04801-JSC, 2023 WL 4138287, at *2 (N.D. Cal. June 21, 2023); *Fleshman v. Wells Fargo Bank, N.A.*, 27 F. Supp. 3d 1127, 1135 (D. Or. 2014); *Enriquez v. Countrywide Home Loans, FSB*, 814 F. Supp. 2d 1042, 1061 (D. Haw. 2011). In addition, to recover under the FDCPA, "(1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009); *see also Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1103–04 (W.D. Wash. 2012).

Accordingly, the Court orders Defendants to show cause as to why Robinson's federal claims are so related to her state law claims that they "form part of the same case or controversy," 28 U.S.C. § 1367(a), and if not, whether such claims should be severed and remanded to King County Superior Court, *id.* § 1441(c)(2). *See Stewart*, 2019 WL 4267387, at *6–8 (sua sponte severing and remanding plaintiff's state law claims after providing parties notice and an opportunity to respond); *see also Harris v. NewRez, LLC*, No. 1:19-CV-02211-STA-JAY, 2019 WL 3254800, at *7 (W.D. Tenn. July 19, 2019) (severing FDCPA claim from remaining claims and remanding remaining claims to state court).

### III.  CONCLUSION

For the foregoing reasons, Defendants shall have 14 days from the date of this Order to show cause why Robinson's FDCPA and GLBA claims form the same case and controversy as her state law claims, and if not, why her state law claims should not be severed and remanded to King County Superior Court pursuant to 28 U.S.C. § 1441(c)(2). Defendants' submission should not exceed 2,100 words. Robinson may also file an optional response of no more than 2,100 words within the same time period. Should Defendants fail to timely show cause, the Court may independently sever and remand Robinson's state law claims.

Dated this 16th day of January, 2024.

*Lauren King*
Lauren King
United States District Judge